897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lovell BADGETT, Defendant-Appellant.
 No. 87-2040.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1990.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL,[1] District Judge.
 PER CURIAM.
 
 
 1
 Defendant Lovell Badgett appeals from his conviction of two counts of mail fraud in violation of 18 U.S.C. Sec. 1341. For the reasons which follow, we affirm.
 
 
 2
 Lovell Badgett, and his brother Maurice Badgett, Jr., were charged with using the United States mail in a scheme to defraud Allstate Insurance Company (Allstate) by filing a false claim that Maurice Badgett's 1984 Dodge Conquest had been stolen. Lovell Badgett's role in the fraud was to dispose of the automobile, its keys and registration, by delivering them to a "broker" who routinely bought used cars from people wanting to file fraudulent insurance claims. Unfortunately for the Badgett brothers, the broker turned out to be an agent of the Federal Bureau of Investigation who was wearing a recording device.
 
 
 3
 In the indictment which followed, the grand jury specified as parts of the scheme to defraud Allstate that Lovell Badgett caused the car in question, along with its keys and registration, to be delivered to an undercover agent of the Federal Bureau of Investigation; that Maurice Badgett, Jr. falsely reported to the Detroit Police Department that his car had been stolen; that Maurice Badgett, Jr. also filed a claim with Allstate falsely reporting that his car had been stolen; and that the brothers mailed certain documents in support of the insurance claim and in furtherance of their efforts to obtain money from Allstate by false pretenses. The indictment did not mention anything about the condition of the car at the time it was supposed to have been stolen.
 
 
 4
 At trial, the government was permitted to offer evidence that the car had been damaged in four previous accidents; that it was in badly damaged condition when delivered to the undercover agent; and that Maurice Badgett's affidavit in support of his insurance claim represented that the car was in good condition. This testimony was offered as evidence of a motive to dispose of the car rather than repair it.
 
 
 5
 On appeal, defendant Badgett contends that this evidence of misrepresentation with regard to the condition of the car constitutes a variance which differs materially from the facts alleged in the indictment or, alternatively, that it amounts to a constructive amendment to the indictment, violating his fifth amendment right to be tried only on those charges presented in the indictment returned by the grand jury.
 
 
 6
 An amendment to an indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or the court after the grand jury has passed upon them. An amendment is considered prejudicial, per se, and warrants reversal of a conviction. United States v. Ford, 872 F.2d 1231, 1235 (6th Cir.1989).
 
 
 7
 Under no circumstances could the introduction of evidence that Maurice Badgett, Jr. misrepresented the condition of the "stolen" car be considered an amendment to the indictment. Lovell Badgett was charged with participating in a scheme to defraud Allstate and using the United States mail in furtherance of this project. In order to convict him of this crime, the government had the burden of proving that there was such a plan; that Lovell Badgett knowingly participated in it with the specific intent to defraud Allstate; and that the postal service was used in furtherance of this scheme. See Callanan v. United States, 881 F.2d 229 (6th Cir.1989). The mere fact that the government also showed that Maurice Badgett, Jr. tried to maximize his recovery for the car by misstating its condition presents no risk that the jury might have held Lovell Badgett answerable for a charge not presented in the indictment.
 
 
 8
 A variance occurs when the charging terms of the indictment are left unaltered but the evidence offered at trial proves facts materially different from those alleged in the indictment. Ford, 872 F.2d at 1235. A variance does not violate the fifth amendment grand jury guarantee but infringes upon the "apprisal function" of the sixth amendment which requires that the criminally accused be informed of the nature and cause of the charges brought against him. Id. A variance is not reversible error unless the defendant can prove that it had a prejudicial effect upon his defense. Id.
 
 
 9
 Maurice Badgett, Jr. made the misrepresentation about the car's condition in his affidavit of theft mailed to Allstate in furtherance of the scheme to defraud. This affidavit formed the basis of counts one and two of the indictment. Both the affidavit itself and photographs of the condition of the car at the time it was delivered to the undercover agent were part of the government's proof made available to the defense at the pretrial conference. Since both defendants were fully apprised of this evidence prior to trial, there was no variance which would support a reversal in this case. The Court is confident that there is little likelihood that defendant Badgett was convicted of any offense other than the mail fraud of which he was accused.
 
 
 10
 The defendant makes one other argument in support of his appeal which is equally without merit. He contends that the Court first violated the best evidence rule when it allowed the government's undercover agent to summarize his conversations with the Badgett brothers when, in fact, these conversations were available on tape. Then, when the tape recordings themselves were offered as proof, the court erred in allowing the government to introduce cumulative evidence.
 
 
 11
 A trial court is accorded great discretion on evidentiary matters and there is no indication that it abused its discretion in this instance.
 
 
 12
 Accordingly, the defendant's conviction is hereby AFFIRMED.
 
 
 
 [1]
 The Honorable Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation